# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| YOLANDA SCOTT | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19-cv-00499-NKL |
| | ) |
| TEAM INDUSTRIAL SERVICES., INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

## ORDER

Defendant Team Industrial Services, Inc. moves to enforce the settlement agreement as negotiated between Defendant and Plaintiff Yolanda Scott's attorney relating to Ms. Scott's race discrimination claim under the Missouri Human Rights Act (MHRA), R.S.Mo. §213.010 *et seq.* Doc. 13. Defendant Team Industrial Services, Inc.'s motion to enforce the settlement agreement is granted for the following reasons.

## I.  Background

On December 26, 2017, while employed by Team Industrial Services, Plaintiff was suspended for twenty-one days without pay pending an investigation into an allegation that she had acted out against another employee. Doc. 15, at 5. Plaintiff states that the investigation did not prove these allegations had occurred and that she was allowed to return to her position, but without pay for the days she was suspended. Doc. 1-1 (Complaint), ¶ 15. Plaintiff asserts that an alleged altercation involving a white employee working for Defendant did not result in a suspension or missed pay. She has argued that this establishes the basis for her race discrimination claim under the Missouri Human Rights Act (MHRA), R.S.Mo. §213.010 *et seq.*

Plaintiff was represented by an attorney who handled settlement negotiations on her behalf. Doc. 10, ¶ 3. Defendant asserts that after negotiations and phone conversations with Plaintiff's counsel, an agreement to settle all matters was reached on July 10, 2019. Doc. 13, ¶1. After these oral discussions, counsels for the parties confirmed the existence of a settlement agreement via e-mail. Doc. 13-1. This written exchange confirmed that there was an agreement to resolve the matter for a given amount[1] and that the agreement was "[s]ubject to an agreed upon Settlement and Release Agreement with provisions standard of a Employment Settlement including confidentiality." *Id.* Defendant states that on July 12, 2019 they were notified by Plaintiff's attorney that Plaintiff now disagreed with the settlement reached, Doc. 13, ¶ 3, and Plaintiff's attorney subsequently filed a motion to withdraw as counsel, Doc. 10. Defendant now brings this motion to enforce the settlement agreement. Doc. 13. Plaintiff argues that the settlement agreement should not be enforced because she was not properly represented by her lawyer. Doc. 15, at 1.

## II. Discussion

### A. Legal Standard

A district court "has inherent power to enforce a settlement agreement as a matter of law when the terms are unambiguous . . . ." *Harper Enterprises, Inc. v. Aprilia World Serv. USA, Inc.*, 270 F. App'x 458, 460 (8th Cir. 2008) (citation omitted) (internal quotation marks omitted). Basic principles of contract formation govern the existence and enforcement of settlement agreements. *Chaganti & Assoc., P.C. v. Nowotny*, 470 F.3d 1215, 1221 (8th Cir. 2006). A party requesting specific performance of a settlement agreement has the burden of proving the agreement "by clear,

---

[1] The email exchange included a specific settlement amount, but was redacted based on the confidentiality agreement. Doc. 13-1. Defendant offered to provide an unredacted document to the Court for in camera inspection. Doc. 13. The amount has not been contested and therefore further documentation is unnecessary.

convincing, and satisfactory evidence." *Precision Investments, LLC v. Cornerstone Propane, LP*, 220 S.W.3d 301, 303 (Mo. 2007) (en banc) (citation omitted).

### B. Evidentiary Hearing

Generally, an evidentiary hearing should be held where there is "a substantial factual dispute over the existence or terms of a settlement." *Chaganti*, 470 F.3d at 1222–23 (citation omitted). But no hearing is required where there are no "essential issues of fact that can only be properly resolved by such a hearing" and where "the written record suffices to decide the dispositive issues." *Bath Junkie Branson, LLC v. Bath Junkie, Inc.*, 528 F.3d 556, 561 (8th Cir. 2008).

Plaintiff has not contested the legitimacy of the email submitted by Defendant which confirms the settlement agreement; nor has she alleged that any of the terms of the agreement are ambiguous or contested. While she complains that her lawyer's performance was deficient, she does not state that her attorney lacked authority to enter the settlement agreement dated July 10, 2019, nor does she allege that she never agreed to the terms of the settlement.

As discussed more fully below, the only issue to be resolved here is whether an enforceable agreement was entered between the parties. Because there is no dispute about the facts concerning the formation of the agreement and "the written record suffices to decide the dispositive issues . . . .," an evidentiary hearing is not necessary to resolve this motion.

### C. Existence of a Contract

For a settlement agreement to be enforceable, the parties must have agreed to the material terms of the deal. *Sheng v. Starkey Labs., Inc.*, 117 F.3d 1081, 1083 (8th Cir. 1997). Under Missouri law, "[t]he essential elements of an enforceable contract are parties competent to contract, a proper subject matter, legal consideration, mutuality of agreement, and mutuality of obligation."

3

*Bath Junkie Branson, L.L.C. v. Bath Junkie, Inc.*, 528 F.3d 556, 561 (8th Cir. 2008) (quoting *L.B. v. State Comm. of Psychologists*, 912 S.W.2d 611, 617 (Mo. Ct. App. 1995)). Plaintiff has not argued that any of these elements is lacking.

There is no argument that Plaintiff's counsel was legally incompetent when he engaged in settlement negotiations. The scope and subject matter of the agreement was precisely what counsel was authorized to handle. Importantly, Plaintiff nowhere alleges that she did not agree to the settlement or that she did not authorize her attorney to negotiate the settlement. Thus, it is presumed that Plaintiff did authorize her attorney to settle the case. *Greater Kansas City Laborers Pension Fund v. Paramount Indus., Inc.*, 829 F.2d 644, 646 (8th Cir. 1987) (citations omitted) ("Once it is shown . . . that an attorney has entered into an agreement to settle a case, the party who denies that the attorney was authorized to enter into the settlement has the burden to prove that authorization was not given. . . . This is a heavy burden.").

While Defendant's proposed settlement agreement is based on oral communications between counsel for both parties and includes reference to a release that had not yet been reviewed or signed by Plaintiff, this does not prevent a valid contract from having been formed. Absent a statute of frauds issue, "a court may enforce an oral settlement agreement that contemplates the execution of documents at a later time." *Chaganti*, 470 F.3d at 1221 (citing *Byrd v. Liesman*, 825 S.W.2d 38, 39 (Mo. Ct. App. 1992)); *see also B-Mall Co. v. Williamson*, 977 S.W.2d 74, 77 (Mo. App. W.D. 1998).[2] Thus, the settlement agreement satisfies all the requirements of an enforceable contract.[3]

---

[2] Plaintiff has not alleged that the statute of frauds controls this agreement and the Court is unaware of any reason why the statute of frauds would control the agreement.

[3] As Plaintiff has not even alleged that the agreement was entered into by her attorney against her will, the Court need not address whether the agreement would be valid and enforceable against her under a theory of apparent authority.

The Court understands that Plaintiff is dissatisfied with her lawyer's representation. She asserts that she was not properly represented by her lawyer and she told her attorney what she wanted to request as part of her settlement agreement.[4] In her responses to this motion, she has argued the merits of her claims. But she has not contested the existence of the settlement, or her counsel's authority to negotiate the settlement on her behalf. Nor does she allege that there is a legal impediment to the enforcement of the contract. Plaintiff may now disagree with the agreement, but "the fact that a party decides after the fact that a contract is not to its liking does not provide a reason to suppose that a contract was not in fact formed or to release that party from its obligation." *Visiting Nurse Ass'n, St. Louis v. VNAHealthcare, Inc.*, 347 F.3d 1052, 1055 (8th Cir. 2003).

In light of the foregoing, Defendant's motion to enforce the settlement is granted.

## II. Conclusion

Defendant Team Industrial Services, Inc.'s motion, Doc. 13, to enforce the settlement agreement is granted.

> s/ Nanette K. Laughrey
> NANETTE K. LAUGHREY
> United States District Judge

Dated: September 27, 2019
Jefferson City, Missouri

---

[4] In a document filed pro se and not attached to any motion or other document, Plaintiff states:
> I explained [sic] Mr. Kapke that I wanted to get my back pay plus compensation as well as have the job to pay my attorney fees I ask [sic] him to move forward in asking for 10,000 dollars because my back pay is 3000 and the rest could be compensation for all that I had to endure as well as the company pay for my attorney because I was wrongful [sic] suspended . . .

Doc. 17 (Filing of Yolanda Scott), at 2.